IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HOWARD MAYFIELD,

                                              OPINION AND ORDER

            Plaintiff,

                                              20-cv-269-bbc

    v.

EMILY PEISSIG, FINK, FAIT, MERBACH,
KEVIN CARR and S. NOVAK,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Howard Mayfield, who is incarcerated at the Columbia Correctional Institution, filed a proposed complaint alleging that defendants violated his rights under the due process and equal protection clauses, the Eighth Amendment and state negligence law when they denied him previously-approved drug and work release programming and placed him in unsanitary conditions in a maximum security prison with greater restrictions than a work release center. On June 2, 2020, I dismissed his complaint because plaintiff's allegations failed to state a constitutional claim upon which relief may be granted. Dkt. #23. Now before the court is plaintiff's motion for reconsideration of that order. Dkt. #28. Plaintiff contends that I failed to consider a later-filed supplement to his complaint, dkt. #11, in which he alleges additional unconstitutional conditions of confinement related to COVID-19, and asks that I reconsider the dismissal of his complaint in light of his additional allegations.

      However, even considering the allegations in plaintiff's supplemental complaint, plaintiff's allegations fail to state a constitutional claim upon which relief may be granted.

1

Therefore, I will deny plaintiff's motion for reconsideration.

OPINION

The Eighth Amendment imposes a duty on prison officials not only to provide "humane conditions of confinement," but to insure that "reasonable measures" are taken to guarantee inmate safety and prevent harm. Farmer v. Brennan, 511 U.S. 825, 834-35 (1994). An inmate may prevail on a claim under the Eighth Amendment by showing that the defendant acted with "deliberate indifference" to a "substantial risk of serious harm" to his health or safety. Id. at 836.

In his original complaint, plaintiff alleged that he was transferred to Columbia Correctional Institution on September 19, 2019 and placed in a close-quartered and "filthy" barracks unit. In my previous order, I explained to plaintiff that his general allegations regarding dirty walls, occasional clogged plumbing, worn bedding and air exchangers without filters were not sufficient to suggest that he was deprived of the "minimal civilized nature of life's necessities." Farmer, 511 U.S. at 834. See also Hudson v. McMillan, 503 U.S. 1, 9 (1992) ("routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society'") (internal citation omitted); Estate of Simpson v. Gorbett, 863 F.3d 740, 745 (7th Cir. 2017) ("[C]onditions may be uncomfortable, even harsh, without being inhumane.'").

In his supplement, plaintiff contends that defendants are violating his constitutional rights by requiring him to sleep, shower, recreate and congregate in a close-quartered area

that houses 150 inmates. He alleges that the bunks are placed only two feet apart, in violation of social distancing guidelines recommended by the Centers for Disease Control to help prevent the spread of COVID-19, and that the staff in the barracks do not always wear masks. Plaintiff's allegations are brief and do not provide a clear picture of the institution's social distancing practices and guidelines. Plaintiff does not identify any specific risk to his health. For example, plaintiff does not allege that he has symptoms of COVID-19, that he has been exposed to someone who has COVID-19 or symptoms of COVID-19 or that he has any underlying health conditions that would make contracting the virus particularly dangerous for him. In addition, the Wisconsin Department of Corrections has provided publicly available information about the testing of staff and prisoners that shows that only three prisoners and five staff members at Columbia had tested positive for COVID-19 as of June 18, 2020. https://doc.wi.gov/Pages/COVID19%28Coronavirus%29/COVID19Testing Dashboard.aspx; https://doc.wi.gov/Pages/COVID19%28Coronavirus%29/EmployeeConfir medCases/COVID19EmployeeConfirmedCases.aspx (last visited June 19, 2020).

The Centers for Disease Control and Prevention (CDC) has published interim guidance on managing coronavirus in correctional and detention facilities for administrators and agencies to adapt to the specific needs of their facilities. https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-co rrectional-detention.html#prevention (posted Mar. 23, 2020) (last visited June 19, 2020). Although the CDC recommends social distancing practices where possible, it recognizes that

3

it "is challenging to practice in correctional and detention environments," and it states that "[s]trategies will need to be tailored to the individual space in the facility and the needs of the population and staff." Id.  Therefore, even though housing inmates in close quarters and staff not wearing masks at all times may not be ideal practices, "the challenges of managing [the pandemic] in a correctional setting are astronomical." Bodnar v. Lake Cty. Jail, 2020 WL 1940742, at *3 (N.D. Ind. Apr. 22, 2020) (finding same with respect to commingling new inmates with other inmates without first testing or quarantining new arrivals).  See also Mays v. Dart, 2020 WL 1812381, at *10 (N.D. Ill. Apr. 9, 2020) ("Though the existing [dormitory housing] situation likely increases the risk to detainees, the CDC's guidance expressly recognizes that complete social distancing may not be possible in the sleeping areas of a jail. Space constraints at the Jail do not allow for the more preferable degree of social distancing that exists in the community at large.").

In sum, plaintiff's general allegations about a lack of social distancing and inconsistent mask use at the prison do not suggest that the conditions of plaintiff's confinement are inhumane or that defendants are acting with deliberate indifference to a significant risk of harm to plaintiff's health or safety.  Because plaintiff's supplemental complaint fails to state a constitutional claim upon which relief may be granted, I will deny plaintiff's motion for reconsideration.

ORDER

IT IS ORDERED that plaintiff Howard Mayfield's motion for reconsideration, dkt.

#28, is DENIED.

Entered this 22d day of June, 2020.

                                                      BY THE COURT:
                                                     /s/

                                                     _____
                                                     BARBARA B. CRABB
                                                     District Judge